IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                              No. CR 04-2269 JB

RICARDO LEON-FLOTA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed June 27, 2005 (Doc. 18). The Court held a hearing on the United States Probation Office's Petition to Revoke Supervised Release on July 1, 2005. For the reasons stated on the record, and consistent with the Court's ruling at the hearing, the Court will grant Leon-Flota's request that the Court impose a sentence concurrent with his sentence in CR 04-2162 JB.

## BACKGROUND

Leon-Flota was born in Huhi, Yucatan, Mexico. He is fifty-seven years old and has resided in the United States since he was sixteen years old. He has two children. They both were born in and live in the United States.

On September 19, 2001, the United States District Court for the Western District of Texas convicted Leon-Flota for illegal re-entry. The Western District of Texas sentenced him to 10 months and placed him on supervised release for three years, which included a mandatory condition that he not enter the United States without legal documentation or permission. On or about December 31, 2001, Leon-Flota was deported.

On August 17, 2004, approximately four and one half months before his supervised release was to end, Leon-Flota illegally re-entered the United States. This Court sentenced Leon-Flota for 21 months for his 2004 re-entry.

The United States Probation Officer filed a Petition to Revoke Supervised Release. Leon-Flota submitted a sentencing brief in advance of the revocation hearing. At the hearing, Leon-Flota admitted the allegations of the Petition for Revocation of Supervision and requested that the Court impose a sentence concurrent with his sentence in CR 04-2162 JB.

## LAW ON CONCURRENT SENTENCES

Section 5G1.3(c) of the Sentencing Guidelines authorizes the Court to impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undisclosed term of imprisonment to achieve a reasonable punishment for the instant offense." The application notes to § 5G1.3(c) explain:

> Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

U.S.S.G. § 5G1.3(c) n.3(C).

## ANALYSIS

The Court has considered the Guidelines and, in arriving at its sentence, has taken account of the Guidelines with other sentencing goals. Specifically, the Court has considered the Guidelines' sentencing range established for the applicable category of offense committed by the applicable category of defendant and the Guidelines' recommendation that sentences be imposed consecutively.

The Court, however, does not believe more time than the 21 months will serve any useful purpose. Leon-Flota was apprehended near the end of his three-year supervised release. The Court believes that a sentence of 8 months, to run concurrently with Leon-Flota's sentence in CR 04-2162 JB, reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and effectively provides the defendant with needed educational or vocational training and medical care and fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The Court also believes the sentence is reasonable. The Court will therefore grant Leon-Flota's request that the Court impose a sentence concurrent with his sentence in CR 04-2162 JB.

**IT IS ORDERED** that Defendant Ricardo Leon-Flota's request that the Court impose a sentence concurrent with his sentence in CR 04-2162 JB is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Miles Hanissee
  Assistant United States Attorney
Office of the United States Attorney for the
  District of New Mexico
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Floyd W. Lopez
Albuquerque, New Mexico

*Attorney for the Defendant*